UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATALIE MITCHEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-2627-DDC-GEB |
| ) | |
| SLEEPCAIR, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## REPORT AND PROPOSED FINDINGS

Plaintiff filed this action on December 11, 2020[1], alleging gender and race discrimination under Title VII; race, gender, and disability discrimination and the Kansas Act Against Discrimination; disability discrimination under the Americans with Disabilities Act; and retaliation under Title VII by her former employer Sleepcair, Inc. She is represented by counsel. This action stems from alleged unwanted and offensive advances

---

[1] ECF No. 1.

on Plaintiff by her supervisors, as well as, alleged racially and disability discriminatory and retaliatory conduct by others in supervisory positions which ultimately led to the termination of Plaintiff's employment. This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees, *i.e. in forma pauperis*.[2]

Section 1915 of Title 28 of the United States Code allows a court to authorize the commencement of any civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets. . .[if] the person is unable to pay such fees or give security therefor."[3] Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[4] The decision to grant or deny *in forma pauperis* status is within the sound discretion of the Court.[5] When considering a motion to proceed without prepayment of fees, the Court must not act arbitrarily.[6] But, it is the position of this District that in civil cases for damages, *in forma pauperis* status should be granted sparingly.[7]

To succeed on a motion to proceed *in forma pauperis*, a party must show a financial inability to pay the required filing fees. The filing fee is currently $402. Plaintiff is single,

---

[2] ECF No. 2.
[3] 28 U.S.C. § 1915(a)(1).
[4] *Patillo v. North American Van Lines*, No. 02-2162-JWL, 2002 1162684, *1 (D. Kan. April 15, 2002).
[5] *Id.* (citing *Cabrera v Horgas*, No. 98-4231, 1999 WL 241783, *1 (10th Cir. April 23, 1999)).
[6] *Hagan v. Credit Union of America*, No. 11-1131-JTM, 2011 WL 13237545, *1 (D. Kan. June 20, 2011) (citing *Buggs v. Riverside Hospital*, No. 97-1088, 1997 WL 321289 (D. Kan. April 9, 1997)).
[7] *Scherer v. United States of America*, No. 01-2428-JWL, 2001 WL 1516736, *1 (D. Kan. Nov. 7, 2001) (citing *Barnett v. Northwest Sch.,* No. 00–2499–KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000); *Forrester v. Via Christi St. Joseph & ITS Reps.,* No. 97–1243–MLB, 1997 WL 557329, *1 (D. Kan. June 10, 1997)).

with one adult dependent.[8] She is employed with an annual salary of $48,000.[9] Plaintiff's typical take home pay is $1,450 per period or $2,900 per month.[10] When added to other monthly revenue sources, including distribution from stock investments of $302,[11] her monthly income is $3,202. She owns a 2015 Chevy Malibu worth $18,000[12] on which she makes monthly payments of $468.[13]

Plaintiff claims total recurring monthly expenses of $3,394, with other expenses (multiple credit cards and a loan) in the amount of $420 monthly.[14] At the time Plaintiff filed her motion, her paycheck was being garnished for a medical bill.[15] She does not indicate the amount of the bill or for how long her check will be garnished.[16] Plaintiff attributes her financial instability to the garnishment.[17]

Although Plaintiff has significant monthly expenses, at least some appear to be discretionary.[18] Additionally, a court may consider a party's assets, not merely her income, in determining the party's ability to pay the filing fee.[19]

---

[8] ECF No. 2 at 3-6.
[9] ECF No. 2 at 3.
[10] ECF No. 2 at 9.
[11] ECF No. 2 at 3-4.
[12] ECF No. 2 at 5.
[13] ECF No. 2 at 7.
[14] ECF No. 2 at 7-8.
[15] ECF No. 2 at 9.
[16] *Id.*
[17] ECF. No. 2 at 3.
[18] *Witherspoon v. Roberts*, Nos. 10–2043–JAR, 09–2057, 2010 WL 744927, *1 (D. Kan. March 1, 2010).
[19] *Wheeler v Wichita Police Dept.*, No. 97–1076–FGT, 1997 WL 109694, *1 (court denied motion where income was just sufficient to pay expenses, but plaintiff owned vehicle valued at $7,500); *Azzun v. Kansas Dept. of Health & Environment*, No. 09–4144–SAC, 2009 WL 5171778, *2 (D. Kan. Dec. 22, 2009) (court denied motion where significant home equity).

Based on the information contained in her Affidavit of Financial Status,[20] although it is a close call, the Court does not believe Plaintiff has shown she does not have the financial inability to pay the required filing fee. But due to the uncertainty regarding the length of the garnishment, the Court recommends Plaintiff pay the filing fee in three monthly payments of $134. Plaintiff has found the ability to pay her attorney in this case $1,200. The Court does not believe the installment payments of the filing fee will be an undue hardship. If the Plaintiff does not make the payments, the Court recommends the case be dismissed without prejudice.

However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[21] Accordingly, the Court respectfully issues this report and recommendation that Plaintiff's motion to proceed without prepayment of fees be denied.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Proceed without Prepayment of Fees (ECF. No. 2) be **DENIED and Plaintiff shall pay the filing fee in three payments of $134.**

Dated: March 16, 2021

 /s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[20] ECF No. 2 at 2-9.
[21] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).